MARTHA CESSNA, Appellant, v. H. C. MILLER *et al.*, Appellees.

Parol Agreement to Convey Real Estate: EVIDENCE.

*Appeal from Hardin District Court.*—HON. J. L. STEVENS, Judge.

SATURDAY, FEBRUARY 6, 1892.

ELIZABETH CROCKET died on the fourteenth day of August, 1887, and left surviving her six children, of whom the plaintiff is one; the other five and the administrator of her estate being parties defendant. During her lifetime, and at her death, Mrs. Crocket was the owner of one hundred and ten acres of land, which is a subject of controversy in this suit. In November, 1887, the plaintiff filed against the estate an account for yearly services, at the rate of four dollars per week, to the year 1880, and thereafter at five dollars per week to August 15, 1887, making upwards of twenty years; the aggregate for the time being four thousand, five hundred and eighty-nine dollars, with a credit, "by time lost," for four hundred and sixty-eight dollars, and asking the allowance of the balance, four thousand, one hundred and twenty-one dollars. By amendments, and the

bringing in of other parties, the form of the action was so changed that the petition shows that, in 1867 and in 1872, the plaintiff and Mrs. Crocket agreed, orally, that if the plaintiff remained with her mother, and diligently and faithfully worked for her, and should perform "the necessary labor in and about the house, and take care of Mrs. Crocket during the remainder of her natural life," she should receive for the service "the home farm, consisting of one hundred and ten acres of land." The petition avers full performance on the part of the plaintiff, and asks that the title to the land be decreed in her, or, if that be refused, that her claim be allowed against the estate. The district court dismissed the plaintiff's bill, and the plaintiff appeals.—*Affirmed.*

*H. L. Huff* and *F. M. Williams,* for appellant.

*C. E. Albrook,* for appellees.

GRANGER, J.—The following appears in the record as the opinion of the district court in connection with its order dismissing the plaintiff's petition: "The plaintiff resided with her mother for several years, doing a large amount of labor, both in the house and upon the farm. She claims that she had an oral contract with her mother, by which she should become, at her mother's death, the owner of the home farm as compensation for her labor, and in consideration of caring for and living with her mother until her death. To establish this contract, the plaintiff shows by a dozen witnesses that her mother at various times said, in substance, she intended Martha, the plaintiff, to have the home farm after her death. She expressed herself to these witnesses in various ways. To nearly all of them she either stated that she had promised the farm to Martha, if she would take care of her during her life, or that she calculated to give it to her, because she had rendered deceased such valuable services. The plaintiff did in fact render valuable services for a number of years for the deceased, and was so doing up to the date of her mother's death. The mother in turn was assisting her daughter, and, if we stop to inquire as to the relative value of the services rendered each other, we must conclude that the plaintiff was amply rewarded for all services which she rendered; so that, in determining the question as to whether the deceased agreed with the plaintiff that if the plaintiff worked and cared for her during her life she should have the home farm as her compensation, we cannot and should not assume that the mother was owing the plaintiff anything, in the absence of an express contract. The statements of the deceased above referred to, if consistent with the conduct of the parties to the alleged contract, ought to bind her administrator; but the plaintiff's conduct, from first to last, contradicts her witnesses, and the conduct of the parties, both in the presence of each other and the declarations of the deceased as to the terms upon which the plaintiff should take the farm, are entitled, under every principle of law, to be considered as of greater weight that the random statements testified to by the plaintiff's witnesses. Other evidence which tends to contradict the plaintiff's witnesses need

not be considered; but the testimony of William Stacey shows that if the deceased had then—April, 1887—made a will, the plaintiff, in order to have held the farm, would have been compelled to pay off the balance of the heirs; and this is consistent with nearly every declaration testified to by the plaintiff's witnesses, for the deceased is not shown to have attempted to make a full statement of the disposition which she intended to make of her property, and she might well have refrained from stating the conditions upon which her daughter should take the home farm. The plaintiff's bill is dismissed, and judgment rendered for defendants. J. L. STEVENS, Judge."

William Stacey, to whom reference is made in the opinion of the court, is a party defendant, and was a son of Mrs. Crocket. He was a witness on the trial, and gave testimony as to personal communications between himself and his mother, in her lifetime, one of which was in regard to a will, as indicated by the language of the district court. It is urged to us that evidence of such communications was improper under the provisions of Code, section 3639; and we are disposed to that view, and so treat the case in our consideration of it. But, as indicated in the opinion, this testimony was only additional to other testimony, showing the same facts. Of course, we cannot particularize the testimony. It is, to say the most for it, when all considered, a very faint showing of any such agreement as is alleged. The proof is entirely insufficient, and we concur in the conclusion of the district court. The judgment is AFFIRMED.